Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | ELAINE E. BUCKLO | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 11 C 0040 | **DATE** | 1/7/2011 |
| **CASE TITLE** | U.S. ex rel. Christopher Fogarty (#R-26808) vs. Alex Dawson | | |

**DOCKET ENTRY TEXT:**

The petition for a writ of habeas corpus is summarily dismissed on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The case is terminated. The court declines to issue a certificate of appealability as to the claim advanced in the habeas corpus petition. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases.

■ [**For further details see text below.**]      **Docketing to mail notices.**

### STATEMENT

    Christopher Fogarty, a state prisoner, brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petitioner challenges his convictions on two counts of reckless homicide on the grounds that the trial judge failed to admonish him at a plea hearing that he faced two years of mandatory supervised release after serving his sentence. The petitioner has paid the statutory filing fee.

    However, the petition for a writ of habeas corpus is summarily dismissed on preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. The petitioner has failed to articulate a viable claim.

    Under Illinois law, "[E]very sentence shall include as though written therein a term in addition to the term of imprisonment.... For those sentenced on or after February 1, 1978, such term shall be identified as a mandatory supervised release term." *See* 730 ILCS 5/5-8-1(d). The trial court may well have violated Illinois Supreme Court Rule 402 in failing to advise the petitioner of the MSR term. Rule 402, in essence, "requires an Illinois trial court to inform a defendant at a change of plea hearing of the nature of the charge, the minimum and maximum sentences, and the various rights the defendant is waiving by pleading guilty. Furthermore, the Rule requires, among other things, that the court determine whether the plea is voluntary." *Lockhart v. Chandler*, 446 F.3d 721, 724 n.1 (7th Cir. 2006).

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

However, a violation of state law is not equivalent to the violation of a federal constitutional right. "[E]rrors of state law in and of themselves are not cognizable on habeas review." *Perruquet v. Briley*, 390 F.3d 505, 511 (7th Cir.2004). *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991).

In the case at bar, the court cannot consider the merits of the petitioner's claim because it is based on Illinois law, not constitutional or federal law. "There is no [U.S.] Supreme Court precedent for the proposition that a defendant must be advised of a term of MSR at the time he attempts to enter a plea of guilty. Quite the contrary, the Court has expressly declined to decide such an issue in the very similar context of parole." *Lockhart*, 446 F.3d at 724 (citation omitted); *see also Calloway v. Montgomery*, 512 F.3d 940, 944 (7th Cir. 2008); *U.S. ex rel. Adams v. Gilson*, No. 05 C 4703, 2008 WL 2704878, *3 (N.D. Ill. Jul. 8, 2008) (St. Eve, J.). Consequently, the petitioner faces an "impossible" hurdle in showing the state court contradicted, or unreasonably applied, clearly established federal law as determined by the U.S. Supreme Court. *Ibid.* "[A]s the AEDPA makes clear, we (and state supreme courts) do not have the authority in these types of cases to establish new constitutional rights." *Ibid.* In the absence of a U.S. Supreme Court case holding that an individual has a clearly established right to be informed of MSR, the petitioner has no tenable federal habeas claim.

In sum, the court finds that the petitioner cannot show that he is "in custody in violation of the Constitution or laws or treaties of the United States." *See* 28 U.S.C. § 2254(a). Accordingly, after preliminary review, the court summarily dismisses the petition for a writ of habeas corpus pursuant to Rule 4 of the Rules Governing Section 2254 Cases.

Finally, the court declines to issue a certificate of appealability as to the claim and issue advanced in the habeas corpus petition. *See* 28 U.S.C. § 2253(c)(2); Rule 11 of the Rules Governing Section 2254 Cases. For the reasons stated in this order, the court finds that the petitioner has not made a substantial showing of the denial of a constitutional right. In order to make such a showing, the petitioner must demonstrate "that reasonable jurists could debate whether the challenges in his habeas petition should have been resolved differently or that his petition adequately shows a sufficient chance of the denial of a constitutional rights that he deserves encouragement to proceed further." *Rutledge v. United States*, 230 F.3d 1041, 1047 (7th Cir. 2000). In this case, the court does not believe that a reasonable jurist would disagree with the court's ruling.